WATKINS, Judge.
The present action was originally an action to obtain the sequestration of the prop *950 erty of defendants Hanks and Dennis which was located adjacent to or within a trailer which was leased by plaintiff to defendants. It was alleged that defendants were delinquent in paying their rent. The petition was later amended to seek eviction of defendants. Defendants reconvened seeking damages for wrongful sequestration of their goods. The trial court lifted the writ of sequestration that had been issued, and awarded each defendant $750.00 in damages and, together, $500.00 attorneys’ fees. We affirm except with regard to the award of damages to Hanks.
Defendants contend that a verbal agreement was reached between plaintiff and defendants whereby defendants were permitted to pay the rent when they returned from offshore work although this may have been some time later than the time the rent was due. The rent was to be paid in advance. It was further contended that plaintiff and defendants reached an informal, unstated agreement whereby rent could be paid late, and that a pattern of late payment was established which evidenced plaintiff’s acquiescence in this arrangement. The following schedule is pertinent:
COTE PAYMENT RECEIVED PERICO COVERED TIME OP SEQUQCE WHEN • DUE
September 27, 1978 Sept. 27 to Oct. 27, 1978 on time
Novorber 14, 1978 Oct. 27 to Not. 27, 1978 19 days late
Novenber 27, 1978 Not. 27 to Dec. 27, 1978 on time
January 19, 1979 Dec. 27 to Jan. 27, 1979 24 days late
February 2, 1979 Jan. 27 to Feb. 27, 1979 7 days late
February 28, 1979 Feb. 27 to March 27, 1979 1 day late
March 20, 1979 March 27 to April 27, 1979 7 days early
We have carefully reviewed the record and exhibits, and we find that it is unnecessary to pass upon defendants’ first contention that it was agreed that the rent would be paid when they returned from offshore work, because it is quite clear from the schedule quoted above that an informal acquiescence or agreement was reached with plaintiff that the rent could be paid late each month, within a reasonable time. It has been held that where the lessor customarily accepts rentals after the day on which they are due there is a custom of acquiescence of the parties which has the effect of altering the original contract in respect to punctuality of rental payments. See Himbola Manor Apts. v. Allen, 315 So.2d 790 (La.App. 3rd Cir. 1975). The last rental payment was due on April 27, 1979. Plaintiff filed suit on May 10, 1979. Thus, plaintiff allowed defendants only 13 days in which to pay the rent before seeking to obtain a writ of sequestration. We note that earlier on one occasion the rent payment was 19 days late and on another occasion 24 days late. It may, therefore, be seen that the payment of the rent in the present case was not delayed beyond the time agreed upon by the voluntary acquiescence of plaintiff.
With regard to defendants’ recon-ventional demand for wrongful issuance of the writ of sequestration, we note that compensatory damages can be awarded for wrongful issuance of a writ of attachment or sequestration although no malice is shown. General Motors Acceptance Corp. v. Sneed, 167 La. 432, 119 So. 417 (1929); American Steel Bldg. Co. v. Brezner, 158 So.2d 623 (La.App. 3rd Cir. 1963); cf. C.C.P. art. 3506. In this case, as the writ of sequestration was wrongfully issued, the rent not being past due, defendants would be entitled to compensatory damages, which were awarded. However, Hanks testified that the Cadillac automobile which was the sole object seized under the writ of sequestration belonged to Dennis and not to him. Thus, Hanks is clearly not entitled to damages; only Dennis is entitled to damages. We do not find an award of $500.00 for attorney’s fees for representing Dennis alone to be excessive, although no attorney’s fees are awardable for counsel’s representation of Hanks.
The judgment of the trial court is affirmed in all respects, except in awarding $750.00 to Hanks.
AFFIRMED IN PART, REVERSED IN PART.